UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2022 MAR 14  A 10: 26
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH: FACEBOOK USER ID 100063252306503 THAT IS STORED AT PREMISES CONTROLLED BY META PLATFORMS, INC. | Case No. 1:22-MJ-0018-BKE<br><br>Filed Under Seal |

### APPLICATION FOR ORDER COMMANDING META PLATFORMS, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Meta Platforms, Inc. ("Meta Platforms") not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant for a period not to exceed one year.

Meta Platforms is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Meta Platforms to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the

attached warrant relates to an ongoing criminal investigation that is neither public nor known to all the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. The ongoing investigation concerns the distribution of controlled substances through use of various social media accounts and notifying the users of those accounts would greatly compromise the investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Meta Platforms not to disclose the existence or content of the attached warrant for a period not to exceed one year, except that Meta Platforms may disclose the attached warrant to an attorney for Meta Platforms for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an

ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted this 14th day of March 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*Jeremiah L. Johnson*
Jeremiah L. Johnson
Assistant United States Attorney
GA Bar No.: 527699
600 James Brown Boulevard, Suite 200
Augusta, Georgia 30901
(706) 826-4524
Jeremiah.Johnson3@usdoj.gov